# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-00145-SCT

*MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY*

*v.*

*JUSTIN HERRINGTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/10/2018 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| TRIAL COURT ATTORNEYS: | THOMAS MICHAEL REED |
| | LINDSAY GREEN WATTS |
| | JOHN MICHAEL HORAN |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LORA ELIZABETH HUNTER |
| ATTORNEY FOR APPELLEE: | MICHAEL ADELMAN |
| NATURE OF THE CASE: | CIVIL - CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 02/20/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Justin Herrington, a law-enforcement officer with the Columbia Police Department, was convicted of violating Mississippi Code Section 97-3-104, which prohibits sexual activity between a law-enforcement employee and an offender on correctional supervision. The trial court ordered Herrington to register as a sex offender under Mississippi Code Sections 45-33-21 through 45-33-51. The trial court then amended its order and removed Herrington's registration requirement. The Mississippi Department of Public Safety (MDPS)

appealed and argued that the trial court erred by removing Herrington's requirement to register as a sex offender. We agree and reverse the trial court's order dispensing with Herrington's registration requirement.

## FACTS AND PROCEDURAL HISTORY

¶2. The facts in this case are undisputed. On August 9, 2016, Herrington was convicted of the crime of sexual activity between certain individuals and offenders incarcerated in correctional facilities or on correctional supervision in violation of Mississippi Code Section 97-3-104. Mississippi Code Section 97-3-104 provides that it is unlawful for an employee of a law enforcement agency

> to engage in any sexual penetration . . . or other sexual act with any offender, with the offender's consent, who is incarcerated at any jail or any state, county or private correctional facility or who is serving on probation, parole, earned-release supervision, post-release supervision, earned probation, intensive supervision or any other form of correctional supervision.

Miss. Code Ann. § 97-3-104(1) (Rev. 2014).

¶3. The trial court sentenced Herrington to five years in the custody of the Mississippi Department of Corrections, with two years to serve. The trial court further ordered "that the defendant is to register as a sex offender with the appropriate agency as provided by Sections 45-33-21 through 45-33-51 of the Mississippi Code . . . ." Mississippi Code Section 45-33-23(h)(xvii) defines a "sex offense" or "registrable offense" as an offense under "Section 97-3-104 relating to the crime of sexual activity between law enforcement, correctional or custodial personnel and prisoners." Miss. Code Ann. § 45-33-23(h)(xvii) (Supp. 2019).

2

¶4.     Herrington later filed a motion to clarify the previous judgment. He argued that, in a companion case involving a defendant "identically positioned" as Herrington, the trial court sentenced that defendant to five years of nonreporting probation after the defendant entered a guilty plea. Both cases involved consensual sexual contact with the same probationer. Because the victim in Herrington's case was a probationer and not a prisoner or inmate in any correctional institution, Herrington contended that the judgment in his case should be clarified, amended, or corrected to dispense with his requirement to register as a sex offender.

¶5.     On December 10, 2018, the trial court granted the motion and ordered that the judgment be clarified to dispense with Herrington's requirement to register as a sex offender under Section 45-33-23(h)(xvii). The trial court reasoned that, before 2005, under Section 97-3-104, it was unlawful for a Mississippi Department of Corrections employee to engage in sexual penetration with any offender who is *incarcerated* at any jail or any state, county or private correctional facility. Miss. Code Ann. § 97-3-104. An amendment in 2005 expanded the statute to include as unlawful sexual relations with an offender serving on probation. Miss. Code Ann. § 97-3-104. However, the legislature did not amend Section 45-33-23(h)(xvii), which defined a registrable sex offense as sexual activity between law enforcement and prisoners. Because a probationer was not a prisoner or inmate, the trial court found that the statute did not apply to Herrington's case.

¶6.     On January 7, 2019, the State of Mississippi, through the MDPS, appealed the trial court's ruling.[1] The MDPS filed a motion to stay on March 8, 2019, seeking a stay of the trial court's order alleviating Herrington of his duty to register as a sex offender. The trial court denied the motion and ordered the MDPS to promptly remove Herrington's name from the sex-offender registry.

¶7.     The MDPS now argues that the trial court erred by dispensing with Herrington's sex-offender registration requirement. It "seeks clarification and guidance as to the proper application of Section 45-33-23(h)(xvii) as to the registration requirement for a conviction for engaging in sexual penetration or other sexual acts between law enforcement and, specifically, a *probationer*."

**ANALYSIS**

¶8.     The issue in this case is whether the term "prisoners" as stated in Mississippi Code Section 45-33-23(h)(xvii) excludes as a registrable offense a conviction involving a law-enforcement officer who engages in sexual activity with a probationer.

¶9.     Section 97-3-104(1) declares unlawful sexual penetration or other sexual acts between a law-enforcement officer and "any offender . . . who is incarcerated at any jail or any state, county or private correctional facility or who is serving on probation, parole, earned-release

---

[1]Herrington filed a motion to dismiss the appeal and argued that the appeal was filed one day after it was due. This Court found that the appeal should be allowed to proceed and denied the motion.

4

supervision, post-release supervision, earned probation, intensive supervision or any other form of correctional supervision." Miss. Code Ann. § 97-3-104(1).

¶10. Before 2005, Section 97-3-104(1) applied to sexual acts "with or without the offender's consent." Miss. Code Ann. § 97-3-104(1) (Rev. 2005). It also applied only to offenders who were incarcerated. *Id.* In 2005, Section 97-3-104(1) was amended to add a comma following "penetration"; to change "with or without the offender's consent" to "with the offender's consent"; and to add at the end of that sentence "or who is serving on probation, parole, earned-release supervision, post-release supervision, earned probation or any other form of correctional supervision." H.B. 612, Reg. Sess., 2005 Miss. Laws ch. 518.

¶11. In 2010, the statute again was amended to add to the list of persons prohibited from engaging in sexual relations with offenders any employee of a law enforcement agency or correctional facility. H.B. 1135, Reg. Sess., 2010 Miss. Laws ch. 369. It also added a prohibition of any "other sexual act" in addition to sexual penetration and added an offender under "intensive supervision" to the list of offenders included in the statute. *Id.*

¶12. Herrington contends that there is a significant difference between an offender who is incarcerated and an offender who is serving on probation; otherwise, he claims there would have been no need for the legislature to amend Section 97-3-104. He argues that the legislature failed to amend Section 45-33-23(h)(xvii) to comply with the 2005 amendment that prohibited sexual acts with probationers and offenders who were incarcerated alike. Because the legislature did not amend Section 45-33-23(h)(xvii) to include probationers,

Herrington concludes that the statute requires registration only for offenses involving incarcerated offenders. He argues that there is simply no registration requirement under the language of Section 45-33-23(h)(xvii).

¶13.    In contrast, the MDPS argues that Herrington's victim was a probationer and, under Section 97-3-104, a probationer is clearly defined as an "offender." Miss. Code Ann. 97-3-104. It argues that Section 97-3-104(1) does not distinguish between sexual activity by a member of law enforcement and the other categories of persons provided. The MDPS reasons that the statute enforces the same penalty for sexual acts with an offender, regardless of an offender's designation as an incarcerated offender or an offender under probation; the penalty for the offense is a felony, a fine of not more than $5,000, and imprisonment not to exceed five years. Miss. Code Ann. § 97-3-104(3) (Rev. 2014).

¶14.    The MDPS also contends that, unlike other subsections, Section 45-33-23(h)(xvii) does not provide any exceptions to registration for a Section 97-3-104 conviction. Section 45-33-23(h)(xvii) requires registration as a sex offender for crimes under "Section 97-3-104 relating to the crime of sexual activity between law enforcement, correctional or custodial personnel and prisoners." Miss. Code Ann. § 45-33-23(h)(xvii). However, the legislature provided specific exceptions to the registration requirement in other subsections of Section 45-33-23(h). For example, Section 45-33-23(h)(i) provides that a person convicted of "Section 97-3-53 relating to kidnapping" must register as a sex offender only "if the victim was below the age of eighteen (18)[.]" Miss. Code Ann. § 45-33-23(h)(i) (Supp. 2019).

6

Under Section 45-33-23(h)(ii), a person must register for violations of "Section 97-3-65 relating to rape; however, conviction or adjudication under Section 97-3-65(1)(a) when the offender was eighteen (18) years of age or younger at the time of the alleged offense, shall not be a registrable sex offense[.]" Miss. Code Ann. § 45-33-23(h)(ii) (Supp. 2019). Similarly, Section 45-33-23(h)(iv) requires registration for a conviction under "Section 97-3-95 relating to sexual battery; however, conviction or adjudication under Section 97-3-95(1)(c) when the offender was eighteen (18) years of age or younger at the time of the alleged offense, shall not be a registrable sex offense[.]" Miss. Code Ann. § 45-33-23(h)(iv) (Supp. 2019). And Section 45-33-23(h)(xiv) requires registration for violations of "Section 97-29-61(2) relating to voyeurism when the victim is a child under sixteen (16) years of age[.]" Miss. Code Ann. § 45-33-23(h)(xiv) (Supp. 2019).

¶15.    Lastly, the MDPS argues that requiring sex-offender registration only in cases involving prisoners does not comport with the concerns addressed in Mississippi Code Section 45-33-21, which provides that "[t]he Legislature finds that the danger of recidivism posed by criminal sex offenders and the protection of the public from these offenders is of paramount concern and interest to government." Miss. Code. Ann. § 45-33-21 (Rev. 2015). The MDPS states that a probationer's liberty also "hangs in the balance of law enforcement" and that law-enforcement officers who engage in sexual conduct with a probationer violate the law due to the unique position between the parties. The MDPS reasons that a probationer's liberty is at risk, and a law-enforcement officer has the ability to suggest a

revocation, file charges leading to a revocation, or promote the filing of a petition for revocation against a probationer. Thus, because the probationer is the victim in those circumstances, the MDPS contends that the general public and those similarly situated as the victim have the right to be warned about possible danger through public registration.

¶16.    We agree with the MDPS and find that the trial court erred by dispensing with Herrington's registration requirement under Section 45-33-23(h)(xvii). Although the statute does not specifically include the term "probationer," it encompasses the entirety of convictions under Section 97-3-104 as registrable offenses.

¶17.    A review of other subsections supports this conclusion. First, Section 45-33-23(h)(xvii) does not contain any exceptions to the registration requirement for convictions under Section 97-3-104. Additionally, should this Court hold that Section 45-33-23(h)(xvii) must be strictly construed to only include convictions involving sexual relations with prisoners as a registrable offense, other statutes included under Section 45-33-23(h) also must be strictly construed. Mississippi Code Section 97-29-63 provides that

> It is a felony for any person with lewd, licentious or indecent intent to photograph, film, videotape, record or otherwise reproduces the image of another person without the permission of the other person when the other person is located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy . . . shall be guilty of a felony.

Miss. Code. Ann. § 97-29-63(1)(a) (Supp. 2019). Yet Section 45-33-23(h)(xv) states that convictions under "Section 97-29-63 relating to filming another without permission where there is an expectation of privacy" are registrable offenses. Miss. Code Ann. § 45-33-

8

23(h)(xv) (Supp. 2019). Therefore, if strictly construed, only convictions for filming under Section 97-29-63 would be registrable offenses. Persons convicted of photographing, videotaping, recording, and otherwise reproducing images of another person would not be required to register as sex offenders.

¶18. In addition, Section 45-33-23(h)(xvi) requires persons convicted under "Section 97-29-45(1)(a) relating to obscene electronic communication" to register. Miss. Code Ann. § 45-33-23(h)(xvi) (Supp. 2019). However, Section 97-29-45(1)(a) declares it unlawful for any person "to make any comment, request, suggestion or proposal by means of telecommunication or electronic communication which is obscene, lewd or lascivious with intent to abuse, threaten or harass . . . ." Miss. Code Ann. § 97-29-45(1)(a) (Rev. 2014). Strict construction would exclude convictions for lewd and lascivious communications from being registrable offenses. Moreover, Section 45-33-23(h)(xvii) states that it applies to crimes "relating to the crime of sexual activity between law enforcement, correctional or custodial personnel and prisoners." Miss. Code Ann. § 45-33-23(h)(xvii). Yet Section 97-3-104(1) states that it is unlawful for "any jailer, guard, employee of the Department of Corrections, sheriff, constable, marshal, other officer, or employee of a law enforcement agency or correctional facility to engage in" sexual relations with offenders. Miss. Code. Ann. § 97-3-104(1). As the MDPS argues, strict construction of the subsection would mean that a constable had no duty to register as a sex offender even if the constable was convicted of engaging in sexual acts with a prisoner. The subsections under Section 45-33-23(h) do not

cite the exact language of the statutes that require registration as a sex offender but instead give a general description of the statutory section. Therefore, we find that Section 45-33-23(h)(xvii) requires registration for all convictions under Section 97-3-104.

¶19. Although Herrington argues that "[t]here is a significant difference between an incarcerated offender and an offender who is no longer incarcerated but is still under correctional supervision," this Court recently held that an offender under intensive supervision, or house arrest, is "imprisoned" and is entitled to compensation under the wrongful-conviction act, Mississippi Code Section 11-44-3 (Rev. 2019). *Tipton v. State*, 150 So. 3d 82, 86-87 (Miss. 2014). Section 97-3-104(1) provides that it is unlawful for a law-enforcement officer to engage in sexual relations with an offender on "intensive supervision." While Section 45-33-23(h)(xvii) does not specifically list as a registrable-offense sexual relations involving an offender on intensive supervision, a law-enforcement officer who engages in sexual relations with an offender on intensive-supervision parole also must register as a sex offender.

¶20. Public policy supports the conclusion that Herrington committed a registrable offense. As the MDPS reasons, the intent behind requiring registration for sex offenses is to protect the public from those offenders. Parole is defined as "[t]he conditional release of a prisoner from imprisonment before the full sentence has been served. Although not available under some sentences, parole is usu[ally] granted for good behavior on the condition that the parolee regularly report to a supervising officer for a specified period." *Parole*, Black's Law

Dictionary (11th ed. 2019). "The essence of parole is release from prison, before completion of the sentence, on condition that the prisoner abide by certain rules during the balance of the sentence. Parole is not freedom." 59 Am. Jur. 2d *Pardon and Parole* § 6 (1987). A parolee and probationer must report to a supervising officer to maintain her release from imprisonment. Her freedom from incarceration is dependent on good behavior. Under Mississippi Code Section 47-7-37,

> Any probation and parole officer may arrest a probationer without a warrant, or may deputize any other officer with power of arrest to do so by giving him a written statement setting forth that the probationer has, in the judgment of the probation and parole officer, violated the conditions of probation. Such written statement delivered with the probationer by the arresting officer to the official in charge of a county jail or other place of detention shall be sufficient warrant for the detention of the probationer.

Miss. Code Ann. § 47-7-37(2) (Supp. 2019). Therefore, a law-enforcement officer is in a unique position of power over a probationer.

¶21.    The United States Court of Appeals for the Ninth Circuit has noted the power dynamics that exist between a prisoner and a guard, pointing out that it is difficult to discern consent from coercion in cases involving sexual relations between the two parties. ***Wood v. Beauclair***, 692 F.3d 1041, 1047 (9th Cir. 2012). It stated, "[e]ven if the prisoner concedes that the sexual relationship is 'voluntary,' because sex is often traded for favors (more phone privileges or increased contact with children) or 'luxuries' (shampoo, gum, cigarettes), it is difficult to characterize sexual relationships in prison as truly the product of free choice." ***Id.*** (citing Human Rights Watch Women's Rights Project, *All Too Familiar: Sexual Abuse of*

11

*Women in U.S. State Prisons* 5 (1996)). Similar aspects of control exist between a law-enforcement officer and a prisoner as between an officer and a probationer. A probationer might feel obligated to a law-enforcement officer to continue his or her probation status. And a law-enforcement officer has the power to affect that probationer's freedom. Accordingly, public policy also supports the conclusion that Section 45-33-23(h)(xvii) encompasses offenses involving probationers.

¶22.    Herrington argues that when the United States Supreme Court found that the Age Discrimination in Employment Act of 1967 (ADEA) did not apply to state employees, it did so not because of a statutory exception but because the statute was not a valid exercise of Congress's power under the Fourteenth Amendment of the United States Constitution. ***Kimel v. Fla. Bd. Of Regents***, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000). He also argues that the United States Supreme Court reached a similar decision regarding the Americans with Disabilities Act in ***Board of Trustees v. Garrett***, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001).

¶23.    He argues that the issue of a statutory exception is not relevant when the language of the statute is not sufficient to cover the act in question. We find that argument unpersuasive. This case does not involve applying the United States Constitution to a federal statute to determine whether a state may be sued in federal court. The language in Section 45-33-23(h)(xvii) also is sufficient to cover convictions under Section 97-3-104 as a whole. Because the subsections under Section 45-33-23(h) list brief descriptions of the statutes that

require sex-offender registration and do not track the full language of the statutes, Section 45-33-23(h)(xvii) includes all convictions under Section 97-3-104 as registrable sex offenses.

## CONCLUSION

¶24.    We find that all convictions under Section 97-3-104 result in a requirement to register as a sex offender and reverse the circuit court's decision dispensing with Herrington's registration requirement.

¶25.    **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**